IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. WILKINS, | No. CIV S-09-3357-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| MATTHEW CATE, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole in 2007. Pending before the court is respondent's motion to dismiss (Doc. 17) as untimely.

**I.  BACKGROUND**

Petitioner appeared before the Board of Prison Terms ("Board") on June 13, 2007, for a parole eligibility hearing. The Board denied parole that same day. Petitioner challenged the denial of parole in a habeas petition filed in the Los Angeles County Superior Court on December 5, 2007, which was denied on March 5, 2008. On June 3, 2008, petitioner filed a habeas petition in the California Court of Appeal, which was denied on June 12, 2008. On

1

August 7, 2008, petitioner filed a habeas petition in the California Supreme Court, which was denied on February 11, 2009. The instant federal petition was filed on November 21, 2009.

## II. DISCUSSION

Respondent argues that the petition is untimely. Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1). In cases involving a challenge to the denial of parole, the statute of limitations begins to run on the date that parole is denied. See Redd v. McGrath, 343 F.3d 1077, 1085 (9th Cir. 2003).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari

petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

In this case, the one-year limitations period began to run on June 13, 2007 – the date the Board denied parole.  Petitioner waited almost six months to December 5, 2007, before filing his first state habeas petition.  Following denial of relief by the California Supreme Court on February 11, 2009, petitioner waited over nine months before filing the instant federal petition on November 21, 2009.  Thus, assuming statutory tolling for all the time petitioner's state petitions were pending, and all the time between them, nearly sixteen months elapsed between the denial of parole and the filing of the federal petition.  The petition is, therefore, untimely and must be dismissed.

Petitioner argues that the limitations period began 120 days after June 13, 2007, which is the time within which the Board could have modified its decision.  This argument is unpersuasive.  The 120-day period in question is the time within which the decision to deny parole could have been modified.  It is not a time period within which petitioner can administratively challenge the denial of parole.  As petitioner notes in his opposition, California law no longer provides for administrative appeals to denials of parole and the only way to challenge the denial of parole is via a state habeas action.  Because petitioner knew of the factual predicate of his claim relating to the denial of parole as of the date parole was denied on June 13, 2007, that is the date his claim accrued and, therefore, that is the date the limitations period began to run.  Had the Board modified its decision, then the claim would have accrued at a later date.  That, however, did not occur in this case.  Thus, the limitations period began to run on June 13, 2007, and, for the reasons discussed above, the instant federal petition is untimely.

/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 17) be granted; and

2. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED: September 27, 2010

```
                                    _____
                                    CRAIG M. KELLISON
                                    UNITED STATES MAGISTRATE JUDGE
```