UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DANIEL D. WILKINS,

      Petitioner,

  v.

MATTHEW CATE,

      Respondent.

NO. S-09-3357-FCD-CMK-P

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on review of the findings and recommendations ("F&R") of the magistrate judge,[1] filed September 28, 2010, addressing petitioner Daniel D. Wilkins' ("Wilkins" or "Petitioner") petition for a writ of habeas corpus challenging the denial of his parole in 2007 by the California Board of Prison Terms[2] ("BPT" or "Board"). The magistrate judge found that petitioner's writ was untimely and recommended that

---

[1] This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. section 636(b)(1)(B) and Eastern District Local Rule 72-302.

[2] The BPT is now known as the Board of Parole Hearings.

the instant action be dismissed.  Petitioner filed objections to the magistrate judge's findings and recommendations.  For the reasons set forth below, the court declines to adopt the findings and recommendations of the magistrate judge.

**BACKGROUND**

The court adopts the factual and procedural background set forth by the magistrate judge in his findings and recommendations.  (<u>See</u> F&R, filed Sept. 28, 2010, at 1-2).

**STANDARD**

When timely objections to findings by a magistrate judge are filed, the district court must conduct a *de novo* determination of the findings and recommendations as to issues of law.  28 U.S.C. § 636(b)(1).  The district court may adopt, reject, or modify in part or in full the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).

**ANALYSIS**

Petitioner objects to the findings and recommendations set forth by the magistrate judge and argues that he filed his claim in federal court within the one year statute of limitations period.  Specifically, petitioner asserts that the statute of limitations began to run 120 days after the BPT denied his parol, when the decision became final. Respondent asserts that the claims contained in Wilkins' habeas petition now pending before this court are untimely because the statute of limitations began to run on June 13, 2007, the day Wilkins' parole was initially denied by the BPT.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one year statute of limitation on the filing of federal habeas corpus petitions.  28 U.S.C. § 2244(d)(1).  The

statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D): the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003). "Courts ordinarily deem the factual predicate to have been discovered the day the decision becomes final, i.e., 120 days after the Board finds a petitioner not suitable for parole." Wilson v. Sisto, No. Civ. S-07-0733 MCE EFB P, 2008 WL 4218487, at *2 (E.D. Cal. Sept. 5, 2008) (citing Nelson v. Clark, No. 1:08-cv-00114 OWW SMS HC, 2008 WL 2509509, at *4 (E.D. Cal. June 23, 2009)). See also Stotts v. Sisto, No. CIV. S-08-1178-MCE-CMK-P, 2009 WL 2591029, at *4 (E.D. Cal. Aug. 20, 2009); Van Houton v. Davison, No. CV 07-05256 AG (AN), 2009 WL 811596, at *9 (C.D. Cal. March 26, 2009); Woods v. Salazar, No. CV 07-7197 GW (CW), 2009 WL 2246237, at *5 & n.9(C.D. Cal. Mar. 23, 2009) (citing cases); Perez v. Sisto, No. Civ. S-07-0544 LKK DAD P, 2007 WL 3046006, at *4 (E.D. Cal. Oct.18, 2007); Cal. Code Regs., tit. 15, § 2041(h) (Board decisions are final 120 days after the hearing); Cal. Penal Code § 3041(b) (same). Contra McGuire v. Mendoza-Powers, No. 1:07-CV-00086 OWW GSA HC, 2008 WL 1704089, at *10 (E.D. Cal. April 10, 2008) (deeming factual predicate to have been discovered on the date of the Board decision).

   The statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. A state court application for post-conviction relief is "pending" during the entire time the petitioner is attempting, through proper use of state court procedures, to present his claims. Nino v. Galaza, 183 F.3d 1003, 1006 (9th

Cir. 1999) (holding that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."). The word "pending" covers the time period between a lower state court's decision and the filing of a notice of appeal with a higher state court, as well as the time period in California's unique collateral review system – where there is no notice of appeal, but a party must file an original state habeas petition in a higher court within a reasonable time. Carey v. Saffold, 536 U.S. 214, 227 (2002). However, a petition is not "pending" during an unreasonable delay between state court applications. See id. at 225.

Like the majority of district courts that have considered this issue, the court concludes that the factual predicate of a petitioner's claim becomes "discoverable" 120 days after the board hearing, when the decision is final. Accordingly, in this case, the statute of limitations began to run on October 11, 2007 – 120 days after the date that the Board denied parole. Less than two months later, December 5, 2007, petitioner filed his first state habeas petition in Superior Court. Petitioner subsequently filed a habeas petition in the California Court of Appeal and then with the California Supreme Court. The California Supreme Court denied petitioner relief on February 11, 2009 and petitioner filed the instant federal petition nine months later on November 21, 2009. Therefore, assuming that the time between when he filed his first state habeas petition and when the California Supreme Court denied his relief is subject to

statutory tolling,[3] petitioner's claim was filed in federal court approximately eleven months after the statute of limitations began to run, and within the timely filing requirements set forth in the AEDPA.  Therefore, the court does not adopt the magistrate judge's recommendation that the petition was untimely based upon his conclusion that the statute of limitations began on the date parole was denied, not on the date that the decision became final.

## CONCLUSION

For the foregoing reasons, the court declines to adopt the magistrate judge's recommendations and his findings.

IT IS SO ORDERED.

DATED: November 22, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The court notes that the magistrate judge did not conclusively determine whether the delays in petitioner's state filings were reasonable and therefore subject to statutory tolling.